IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD C. SPAUSE | |
| Plaintiff, | |
| v. | No. 16-cv-4953-MMB |
| ASSOCIATED TRUCK SALES COMPANY, also known as, ASSOCIATED TRUCK PARTS | JURY TRIAL DEMANDED |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Gerald C. Spause files this Amended Complaint against Defendant Associated Truck Sales Company, also known as, Associated Truck Parts, and in support thereof avers as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I, II, III and IV which are based upon laws of the United States of America, the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA"); the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601; and the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

1

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2016-03470 on July 11, 2016.

6. On December 6, 2016, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file his causes of action under the ADA for disability discrimination and failure to provide a reasonable accommodation which are detailed in Counts III and IV of this Amended Complaint.

## PARTIES

7. Plaintiff Gerald C. Spause ("Spause") is an adult male who resides at 1608 West James Street, Norristown, PA 19403.

8. Defendant Associated Truck Sales Company, also known as, Associated Truck Parts ("Associated Truck") is a Pennsylvania corporation, that operates a principle place of business at 1075 E. Philadelphia Avenue, Gilbertsville (Montgomery County), PA 19525.

9. At all times relevant hereto, Defendant Associated Truck was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Associated Truck.

10. Defendant Associated Truck is engaged in commerce, or in an industry or activity affecting commerce.

11. Defendant Associated Truck employed 50 or more employees within a 75-mile radius of Gilbertsville, PA for each working day during each of 20 or more calendar workweeks in the years, 2014 to present.

## FACTUAL BACKGROUND

12. Plaintiff Spause is 58 years of age.

13. On or about the year 1992, Plaintiff Spause commenced employment with Defendant Associated Truck working at a location in King of Prussia, PA; Spause was employed for over 23 consecutive years until his employment was terminated on December 3, 2015.

14. Defendant Associated Truck provides replacement parts to owners of large commercial vehicle trucks.

15. Defendant Associated Truck has nine branch locations located in Pennsylvania, New Jersey and Delaware; and its customers include large construction companies and waste companies. Associated Truck has approximately 100 employees, 12-15 of the employees are Outside Sales Representatives.

16. Plaintiff Spause was an Outside Sales Representative whose annual earnings in the year 2014, including commissions were $49,930.28.

17. During the course of his employment, Plaintiff Spause more than adequately performed all assigned tasks and responsibilities in an efficient and capable fashion.

18. Throughout Plaintiff Spause's employment he was in the top range of sales as compared to other Outside Sales Representatives.

19. Plaintiff Spause was employed at Defendant Associated Truck's West Chester, PA location for approximately 15 years until approximately May 2015, when Spause was advised that he had to transfer to the main branch location in Gilbertsville, PA to replace Don Brower who was going to be retiring.

20. As of approximately July 2015 until the termination of Plaintiff Spause's employment, Spause and Eric Heimbach (approximate age: 25) were the only Outside Sales Representatives employed at the Gilbertsville location.

### Plaintiff Spause's Hip Condition

21. Plaintiff Spause was born with deformed hips and has limped throughout his life.

22. Throughout Plaintiff Spause's career at Associated Truck there were occasions on which Spause had to handle heavy parts.

23. Throughout Plaintiff Spause's career at Associated Truck on those occasions when Spause would need to make a delivery of a heavy part to a customer, a co-worker would assist Spause by loading the part into Spause's vehicle; and upon delivery, if necessary, the customer's representative, typically the mechanic who was going to install the part, would carry and/or assist Spause in unloading the part to the location where the customer would eventually install the part.

### Plaintiff Spause's Herniated Disc

24. In early 2015, Plaintiff Spause developed a herniated disc; he sought treatment from a medical provider and was prescribed anti-inflammatory medication and he received medical injections.

25. Until approximately April 2015, Plaintiff Spause was able to work through his herniated disc injury, however, at that time Spause had to take a leave from work as his back condition became worse.

26. In April 2015, Plaintiff Spause advised Al Groff, President; Jim Sands, Marketing Director; and Linda Heimbach, Chief Executive Officer; that he would need to take a medical leave from work.

27. Even though Defendant Associated Truck new that the condition requiring Plaintiff Spause's medical leave constituted a serious health condition under the Family and Medical Leave Act ("FMLA"), 29 U.S. C. §2601, Defendant never provided Spause with the

mandatory FMLA notice and forms and did not otherwise notify Spause of his FMLA rights.

28. While Plaintiff Spause was out of work, Defendant Associated Truck hired a new employee, Harry (last name unknown) (approximate age: 30) to assume many of Spause's duties at the West Chester location.

29. As of May 8, 2015, Plaintiff Spause was cleared to return to work.

30. When Plaintiff Spause returned to work, he presented a doctor's note which indicated that Spause could resume work with a lifting restriction of no more than 10 pounds.

31. Shortly thereafter, Plaintiff Spause was advised that he had to transfer from the West Chester location to the main branch location in Gilbertsville to replace Don Brower who was going to be retiring.

32. After Plaintiff Spause transferred to the Gilbertsville location Harry (last name unknown) again assumed many of the duties that Spause previously performed at the West Chester branch.

33. Harry (last name unknown) is substantially younger than Plaintiff Spause, does not have a disability and has never requested a leave from work for any medical reason.

34. From May 8, 2015 through October 31, 2015, Plaintiff Spause was able to perform all aspects of his job in the manner in which he had performed those duties throughout his career at Associated Truck.

35. During the period May 8, 2015 through October 31, 2015, as per Plaintiff Spause's custom during his entire career at Associated Truck, Spause asked for assistance when he needed to load or unload heavy parts, and his co-workers and/or customers assisted him without any issue.

**Plaintiff Spause's Gastrointestinal Condition**

36.     On or about October 31, 2015, Plaintiff Spause developed a gastrointestinal condition; had severe diarrhea and he had to be transported to a hospital emergency room.

37.     On November 1, 2015, Plaintiff Spause was released from the hospital, he was later re-admitted to the hospital on November 4, 2015. Once re-admitted, Spause was hospitalized for approximately two weeks because it was believed that he had possible kidney failure.

38.     Plaintiff Spause was unable to work on November 2, 2016, his next scheduled workday.

39.     Plaintiff Spause advised Jim Sands, Marketing Director; and Linda Heimbach, Chief Executive Officer; that he would need to take a medical leave from work due to the gastrointestinal condition.

40.     Even though Defendant Associated Truck knew that the gastrointestinal condition requiring Plaintiff Spause's medical leave constituted a serious health condition under the FMLA, Defendant never provided Spause with the mandatory FMLA notice and forms and did not otherwise notify Spause of his FMLA rights.

41.     Plaintiff Spause's treating physicians ultimately advised Spause that he was most probably suffering from microscopic colitis in his gastrointestine.

42.     While Plaintiff Spause was out of work, in mid-November 2015, Chief Executive Officer Heimbach directed an employee to go to Spause's house and take possession of Spause's company-issued van.

43.     While Plaintiff Spause was out of work, he was advised by Chief Executive Officer Heimbach that Defendant Associated Truck would need updated medical restrictions,

even though the reason Spause was out of work in November 2015, had nothing to do with any physical limitations caused by his hip condition or the prior herniated disc.

44. Plaintiff Spause complied with the updated restrictions request and on November 24, 2015, provided a completed Disability Certificate from his treating physician, James Millard, DO, indicating that Spause was released to return to work on a light duty basis; that he was able to drive, and that Spause could not lift greater than 10 pounds.

45. The medical restrictions Plaintiff Spause provided on November 24, 2015, were the same as those provided on May 8, 2015, when Spause returned to work from his herniated disc injury.

46. Thereafter, at Defendant Associated Truck's request, on November 30, 2015, Dr. Millard completed a Physician's Release to Return to Work Form indicating that Spause had lifting, carrying and related restrictions of 25 pounds; that he could not reach over his head more than 10 pounds; and that the restrictions were of a temporary nature.

47. The Physician's Release to Return to Work Form presented a request for a reasonable accommodation that would place no greater restrictions on Plaintiff Spause's performance of his job duties than he had before.

48. Defendant Associated Truck could easily have accommodated Plaintiff Spause by permitting the assistance of co-workers and, to the extent necessary, customers, the same type of assistance that Spause had received during the previous 23 years.

49. While Plaintiff Spause was out of work, most of Spause's duties were taken over by Eric Heimbach.

50. Any other employees who assumed any duties previously performed by Plaintiff Spause while he was on leave are substantially younger than Spause, do not have a

disability and never requested a leave from work.

### The December 3, 2015 Meeting

51. On December 3, 2015, Plaintiff Spause reported to work; as Spause drove up to the facility, he saw that Al Groff, President, was driving away.

52. Upon arrival, Plaintiff Spause was taken into a conference room, where Marketing Director Sands, and Chief Executive Officer Heimbach were present.

53. At the start of the meeting Plaintiff Spause stated that he was ready to go back to work.

54. Jim Sands stated things have changed; we have given your accounts to other people, and we no longer have any work for you.

55. During the meeting Plaintiff Spause was also asked if he could lift 150 pounds, and Spause said he could not; Spause explained how customers and co-workers had helped him with heavy parts in the past.

56. Marketing Director Sands responded, you can't do the job; Plaintiff Spause said he could do it; and Sands said, we no longer have any job for you. The only job we have is for you to work at a parts counter, but there is no chair and we cannot provide you with any assistance in lifting.

57. The counter position would have required Plaintiff Spause to be standing on his feet eight to nine hours a day, lifting more than 25 pounds, going up and down stairs and unloading parts.

58. At the December 3, 2015 meeting, Defendant Associated Truck terminated Plaintiff Spause's employment.

59. The customer accounts with which Plaintiff Spause had been working were largely assigned to Eric Heimbach, who has substantially less service time and experience than Spause, and who is approximately 30 years younger than Spause.

60. Defendant Associated Truck has not proffered any legitimate reason for the termination of Plaintiff Spause's employment. Even if a reason is provided, said reason would be pretextual in that Defendant had discriminatory motives based upon Spause's health, a perception that Spause is permanently disabled, Spause's prior need for leave from work, and in retaliation for Spause taking leave that should have been designated as FMLA protected leave.

61. Plaintiff Spause has incurred substantial damages as a consequence of Defendant Associated Truck's conduct including lost wages and emotional distress.

62. Defendant Associated Truck's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

**VIOLATION OF FAMILY AND MEDICAL LEAVE ACT, 29 U. S. C. § 2601, et. seq.**

63. Paragraphs 1 to 62 are incorporated herein as if set forth in full.

64. Plaintiff Spause is an eligible employee under the FMLA in that just prior to his each of his leaves from work; Spause was continuously employed for more than twelve months and had at least 1,250 hours of service during the past twelve months.

65. At all times during and after Plaintiff Spause's employment Defendant Associated Truck was/is an Employer subject to the FMLA in that it engages in commerce or in any industry or activity affecting commerce, and has employed 50 or more employees within a 75-mile radius of Gilbertsville, PA for each working day during each of 20 or more calendar workweeks in the calendar years 2014 to present.

66. Plaintiff Spause experienced "serious health conditions" as defined by the FMLA, which would require him to be unable to work for a period of time for which he was qualified for FMLA leave.

67. Plaintiff Spause was entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

68. Defendant Associated Truck initially interfered with Plaintiff Spause's FMLA rights by not informing him of his FMLA rights.

69. Defendant Associated Truck further interfered with Plaintiff Spause's FMLA rights by not returning Spause to the same or a similar position at the same pay when he was able to return from FMLA protected leave.

70. Defendant Associated Truck retaliated against Plaintiff Spause by terminating Spause's employment in violation of the FMLA.

71. Defendant Associated Truck's actions with respect to Plaintiff Spause constitute willful violations of the FMLA.

72. Plaintiff Spause has sustained substantial damages as a result of Defendant Associated Truck's actions.

WHEREFORE, Plaintiff Gerald C. Spause requests that this Court enter judgment in his favor and against Defendant Associated Truck Sales Company, also known as, Associated Truck Parts, and requests that the Court award Plaintiff equitable relief in the form of reinstatement, as well as monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT II

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U. S. C. §621 et. seq.

73. Paragraphs 1 to 72 are incorporated herein by reference, as if set forth in full.

74. Plaintiff Spause is over 40 years of age.

75. Defendant Associated Truck has 20 or more employees and is subject to the ADEA.

76. Plaintiff Spause was/is qualified for the Outside Sales Representative position in which he was employed for over 23 years.

77. Plaintiff Spause suffered an adverse employment decision in the form of the termination of his employment.

78. Following the termination of Plaintiff Spause's employment, Defendant Associated truck assigned Spause's duties as an Outside Sales Representatives to Eric Heimbach (approximate age: 25) and other employees who were substantially younger than Spause.

79. Plaintiff Spause was substantially more experienced and more qualified than Eric Heimbach to perform his duties as an Outside Sales Representative.

80. Defendant Associated Truck's actions towards Plaintiff Spause and the decision to terminate Spause's employment were arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

81. Defendant Associated Truck's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

82. As a direct result of the aforesaid conduct, Plaintiff Spause has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Gerald C. Spause requests that this Court enter judgment in his favor and against Defendant Associated Truck Sales Company, also known as, Associated Truck Parts, and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

## COUNT III

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### DISABILITY DISCRIMINATION

83. Paragraphs 1 to 82 are incorporated herein as if set forth in full.

84. Plaintiff Spause has/had a disability in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

85. Plaintiff Spause has/had a congenital hip disease in both hips; microscopic colitis; lower lumbar disc degeneration; herniated disc; a pinched nerve in his lower back; arthritis; and chronic pain.

86. Plaintiff Spause's disability precludes/precluded him from performing certain manual tasks on his own, such as lifting and carrying over 25 lbs.; reaching overhead and away from his body, constant lifting, walking, and reaching for heavy parts that he had to pull, load and deliver.

87. Defendant Associated Truck was aware of Plaintiff Spause's disability.

88. Plaintiff Spause was qualified to perform his job as an Outside Sales Representative.

89. Plaintiff Spause suffered an adverse employment action because of a disability.

90 Plaintiff Spause had a record of impairment.

91. Plaintiff was regarded as having such impairment.

92. Plaintiff Spause suffered an adverse employment decision in the form of the termination of his employment as a result of Defendant Associated Truck's discrimination based upon a known disability.

93. In terminating Plaintiff Spause's employment, Defendant Associated Truck treated Spause differently than other similarly situated individuals who are, or were not disabled, or whom Defendant did not regard as disabled.

WHEREFORE, Plaintiff Gerald C. Spause requests that this Court enter judgment in his favor and against Defendant Associated Truck Sales Company, also known as, Associated Truck Parts, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT IV

**VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008**

**42 U. S. C. §12101, et. seq.**

**FAILURE-TO-ACCOMMODATE**

94. Paragraphs 1 through 93 are incorporated herein by reference as though set forth in full.

95. Plaintiff Spause is/was a disabled person under the ADA in that he has/had a physical impairment that substantially limits one or more of his major life activities.

96. Plaintiff Spause is/was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer.

97. Defendant Associated Truck was aware of Plaintiff Spause's disability.

98. Plaintiff Spause requested a reasonable accommodation in the form of a job modification that would not require him to lift and carry 25 pounds and not reach overhead and away from his body objects over 10 pounds; and to obtain assistance from co-workers or customers when heavy lifting, carrying and reaching was required.

99. Plaintiff Spause provided medical documentation from his treating physician concerning his request for an accommodation.

100. Defendant Associated Truck refused to provide Plaintiff Spause proposed reasonable accommodations to the known physical limitations of Spause, an otherwise qualified individual with a disability.

101. Defendant Associated Truck did not make a good faith effort to engage in the interactive process with Plaintiff Spause during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

102. Defendant Associated Truck could have reasonably accommodated Plaintiff Spause.

WHEREFORE, Plaintiff Gerald C. Spause requests that this Court enter judgment in his favor and against Defendant Associated Truck Sales Company, also known as, Associated Truck

Parts, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

                                                    Andrew S. Abramson, Esq.
                                                    Abramson Employment Law, LLC
                                                    790 Penllyn Blue Bell Pike
                                                    Suite 205
                                                    Blue Bell, PA 19422
                                                    telephone: 267-470-4742
                                                    email: asa@aemploylaw.com

                                                    Attorney for Plaintiff Gerald C. Spause

Dated: December 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2016, a true and correct copy of the foregoing was served upon the below listed counsel via email:

    Susan Ellis Wild, Esq.
        email: swild@grossmcginley.com
    Samuel E. Cohen, Esq.
        email: scohen@grossmcginley.com
    Gross McGinley, LLP
    33 South Seventh Street
    P.O. Box 4060
    Allentown, PA 18105-4060

                              Andrew S. Abramson, Esq.